## Amerith, Inc., v. Medoff et al.

*Levi & Mandel*, for plaintiff; *Abraham D. Medoff*, for defendants.

SMITH, P. J., April 6, 1932.—Plaintiff obtained a judgment against the defendants on December 1, 1931, in the sum of $337.15, a writ of fi. fa. was issued against the defendants, Bella Medoff claimed certain of the property levied upon by the sheriff, and a rule for interpleader was filed. The claimant, Bella Medoff, filed her answer to the sheriff's petition for interpleader, and plaintiff now asks that the answer be stricken from the record, as it was not filed within the time fixed by Rules 72 and 73 of this court.

The sheriff's petition for interpleader was served upon the claimant on December 23, 1931, and the return day of the rule was one week after notice to the parties. The affidavit of service of notice was filed January 14, 1932. No answer was filed by the claimant until January 29, 1932.

Rule 72 of the rules of this court provides as follows: "Rules to interplead entered by the sheriff under the Act of June 22, 1931, shall be returnable not less than one week from the date of their entry, and at least a week's notice thereof shall be given to the parties by the sheriff. On or before the return day of the rule the claimant shall file his answer thereto, which shall consist of a concise statement of the sources of claimant's title, with an inventory of the goods claimed attached, and shall be sworn to by him or some one on his behalf. A copy of the answer shall be served upon the sheriff and the parties within forty-eight hours after it is filed."

Rule 73 states that "if the claimant abandons his claim by failing to file an answer to the rule on or before the return day thereof, the sheriff shall proceed with the sale."

Claimant has neglected to comply with this rule, in that she was eight days late in filing her answer. There appears to be no valid reason or excuse why this rule was not complied with. Although the court is generally permitted to construe its own rules, we cannot disregard the rule in this case, as the claimant has failed to set forth any reason for her delinquency. The rule to strike off the answer must be made absolute.

And now, April 6, 1932, the rule to show cause why claimant's answer to the petition for interpleader should not be stricken from the record is made absolute.